```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA     :
                             :
     v.                      :  Crim. Nos. 3:15-cr-00168 (AWT)
                             :
DAVID THOMPSON               :
```

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

For the reasons set forth below, defendant David Thompson's motion for reduction of sentences (ECF No. 754) is hereby DENIED.

On July 11, 2017, the court sentenced the defendant on Count One of a Second Superseding Indictment, which charged the defendant with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. The Presentence Report calculated the defendant's total offense level to be 33 and his criminal history category to be VI. At sentencing the defendant raised three objections to the Presentence Report. He contended that the base offense level should be 30 instead of 32, arguing that the drug quantity was overstated. He also objected to a four-level increase for role in the offense pursuant to Guidelines section 3B1.1(a). In addition, he objected to three of the fifteen criminal history points. The court overruled all of the

1

defendant's objections to the Presentence Report.  Consequently, the advisory range under the Sentencing Guidelines included a term of imprisonment in the range of 235 to 240 months, after giving effect to the statutory maximum.

In imposing sentence, the court departed pursuant to United States v. Fernandez, 877 F.3d 311 (2d Cir. 1989), to give effect to the parties' plea agreement and imposed a term of imprisonment of 168 months, to be followed by a three-year period of supervised release.

The defendant states in support of his motion that "'extraordinary and compelling reasons' warrant a reduction in his sentence, particularly (a) the growing COVID-19 pandemic, which has made Mr. Thompson's sentence much more punitive than intended; (b) Mr. Thompson's medical conditions, specifically Type 1 Diabetes mellitus, high blood pressure and elevated cholesterol, renders him especially vulnerable to serious illness or death if infected with COVID-19; and (c) the 18 U.S.C. § 3553(a) factors as applied in [this] particular case." Def.'s Motion at 1 (ECF No. 754).

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that:

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

2

18 U.S.C. § 3582(c)(1)(A).  Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).

It is undisputed that the defendant has satisfied the requirement with respect to exhaustion of administrative remedies.  In addition, with a caveat[1], the government acknowledges that the defendant has a risk factor "that presents an extraordinary and compelling reason allowing compassionate release under the statute and guideline policy statement, even

---

[1] The government points out that

> notwithstanding the defendant's suggestion to the contrary, his medical records evidence that it is the defendant, not the facility, that is the greatest impediment to his successful health. See e.g. Doc. 755 page 6 (reflecting entry on June 25, 2020 that the defendant is not following diet plan, including that he is eating foods such as cakes, cookies and oatmeal, as well as not following recommendations regarding medications); page 18 (similar entry on March 17, 2020); page 24 (reflecting patient no-show for appointment on February 5, 2020); page 139 (reflecting patient no-show for appointment on November 13, 2019); page 151 (reflecting patient no-show for appointment on August 23, 2019).

Id.

if that condition in ordinary times would not allow compassionate release." Gov't's Opposition (ECF No. 756) at 8.

However, the government maintains that the section 3553(a) factors weigh against reducing the defendant's sentence and "the 168-month sentence was and remains appropriate." Id. at 9. The court agrees.

At the defendant's sentencing the court concluded that the purposes of sentencing that most needed to be served were specific deterrence and just punishment for a serious offense. Also, in explaining why it was appropriate to impose a sentence that was above the bottom of the Guidelines range to which the court departed pursuant to Fernandez, the court stated that it did so because of "'a pattern of misrepresentations' made by Thompson in connection with his sentencing". See id. at 3.

At sentencing the court concluded that specific deterrence is important with respect to this defendant because he was on transitional supervision when he began committing the offense, and prior terms of imprisonment had not deterred him from committing the offense of conviction. The government summarizes the history with respect to the defendant's prior convictions accurately:

> This defendant has been both using and selling drugs his entire adult life. He has four prior state convictions for the sale of narcotics, two convictions for drug possession, and another three convictions that involved obtaining drugs by fraud. He is, quite literally, a lifelong drug dealer.

4

> . . . .
>
> In addition to his six drug-related convictions, he has been convicted of third-degree larceny and use of burglary tools in 2003, criminal possession of a gun in 2004, failure to appear, two counts of forgery, and obtaining drugs by fraud in 2013. PSR ¶¶ 47, 54, 57, 58, 59, and 60. Whether he technically qualified as "career offender" under the Sentencing Guidelines, a career offender is precisely what he is. He is a career offender who has been altogether unmoved by any term of incarceration he served prior to his arrest in this case. If specific deterrence is possible at all in this case, a lengthy term of incarceration is still necessary to accomplish it.

Id. at 10.

With respect to just punishment, the court overruled the defendant's objection to the four-level increase for role in the offense because, as the government states,

> The statements of multiple cooperating witnesses, together with physical surveillance and other evidence developed over the course of the investigation, established that Thompson was the ringleader of the DTO for many years. Thompson misappropriated the personal identifying information of doctors and other medical professionals, created fake prescriptions using that information, recruited runners to fill the fraudulent prescriptions for him and then paid the runners either in cash or pills, depending on the person's preference.

Id. at 2. Additionally, as the government observes,

> Thompson's offense conduct was incredibly serious because it involved the diversion and redistribution of oxycodone, one of the most dangerous drugs available on the black market today. . . . He was putting fraudulently obtained oxycodone pills into his community and helping to perpetuate the horrible pill epidemic that is, in turn, fueling the heroin epidemic that is leading to more and more deaths each year.

Id. at 9-10.

5

Consequently, the court concludes that the section 3553(a) factors weigh against reducing this defendant's sentence.

It is so ordered.

Signed this 27th day of April 2022 at Hartford, Connecticut.

>     /s/AWT
> Alvin W. Thompson
> United States District Judge